UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE WATSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action Nos. 11-11697-DJC |
| | ) 11-11698-DJC |
| ATTORNEY GENERAL MARTHA COAKLEY, et al., | ) |
| Respondents. | ) |
| LAWRENCE WATSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 11-11699-DJC |
| JOHN O'BRIEN, et al., | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                December 2, 2011

On September 21, 2011, Lawrence Watson filed three self-prepared petitions under 28 U.S.C. § 2254 ("§ 2254") in which he challenged his 1995 and 2003 convictions under M.G.L. ch. 209A for violations of domestic abuse prevention orders (C.A. Nos. 11-11697-DJC, 11-11698-DJC) and a 2004 conviction for contempt of court (C.A. No. 11-11699-DJC) arising from his failure to pay child support. He represented that he received ten-day sentences for the 1995 and 2003 convictions and a thirty-day sentence for the 2004 conviction.

On October 11, 2011, the Court summarily dismissed all three petitions on the ground that

Watson was not "in custody" within the meaning of § 2254 at the time he filed the petitions.

Watson has filed a motion for reconsideration in each case, arguing that he is still "in custody" for purposes of habeas relief. In regards to the two actions concerning his violation of the domestic abuse prevention orders, Watson alleges that he is "in custody" because the abuse prevention orders themselves–rather than the criminal convictions for violating those orders–subject him to restraints that are not shared by the public generally. He represents that the abuse prevention orders (1) deny him freedom of movement because they prevent him from coming within 100 yards of the woman who sought the restraining orders and her children; and (2) require him to surrender his firearms, firearms license, and ammunition. In regards to the action concerning his contempt of court conviction, Watson argues that he is "in custody" because he is under a continuing obligation to pay child support and report to the Commonwealth's Department of Probation. Watson does not state how often he must report to the Department of Probation and what authority the Department of Probation exercises over him on a continuous basis other than taking steps to ensure that he makes his court-ordered child support payments and monitoring his employment search.

Finally, Watson argues that relief under § 2254 is available even though he is no longer incarcerated because he was unable to seek relief under § 2254 at the time he was incarcerated.

The Court denies the motions for reconsideration. A determination of whether a petitioner is "in custody" for purposes of habeas relief must be based on the restraints the petitioner suffers at the time he files the petition, even if he was unable to seek relief under § 2254 at the time he was incarcerated. See Maleng v. Cook, 490 U.S. 488, 491 (1989). As the Court already explained, at the time Watson filed his petitions, the restraints imposed by the criminal convictions–very short periods of incarceration–had expired.

Even if the Court were to consider the restraints imposed by the abuse prevention and child support orders (rather than the restraints imposed by the criminal convictions), Watson has not alleged that he is "in custody" for habeas purposes. Although restraints short of incarceration may satisfy the "in custody" requirement for habeas relief, see Jones v. Cunningham, 371 U.S. 236, 242 (1963), the conditions imposed on Watson do not meet this threshold. See Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975) (inability to possess firearms insufficient to constitute "custody" for habeas purposes), cited with approval in Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir. 1987); Moussa v. New Hampshire State Prison, 2010 Wl 2465558, at *1 (D.N.H. June 14, 2010) (inability to possess a firearm is "insufficient to satisfy the 'in custody' requirement for federal habeas relief"); Saiyed v. Washington, 198 F.3d 254, 1999 WL 955535, at *2 (9th Cir. 1999) (order to refrain from contact with victim of assault "is not the type of severe, immediate restrain on physical liberty necessary to render a petition 'in custody'") (not selected for publication); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1994) (failure to make court ordered restitution and remote possibility that courts could somehow regain supervision over him for that purpose did not amount to "custody" sufficient in invoke habeas relief); Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984) (civil judgment requiring plaintiff to pay child support does not constitute "custody" for purposes of habeas relief); Galbo v. Tirri, 972 F. Supp. 292, 293-94 (D.N.J. 1997) (petitioner's obligation to fulfill terms of court mandated civil judgment ordering child custody payments did not satisfy "in custody" requirement for habeas relief, even though petitioner was order to make the payments through the state's Probation Department); Anderson v. Worden, 744 F. Supp. 1042, 1044 (D. Kan. 1990) ("Petitioner's continuing obligation to pay child support does not impose disabilities or burdens similar to those resulting from a conviction, and does not require intervention by this court by way of habeas corpus

relief.").

Accordingly:

1. The motions for reconsideration (C.A. No. 11697-DJC, #9; C.A. No. 11-11698-DJC, #7; C.A. No. 11699-DJC, #7) are DENIED.

2. All other pending motions in the three cases are DENIED.

3. The Court DENIES a certificate of appealability in each of the three cases.

4. The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.


**So ordered.**

    /s/ Denise J. Casper
United States District Judge